FILED

FEB 14 2024

PETER A. MOORE, JR. CLERK
BY US DISTRICT COURT, EDNC
DEP CLK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. ~~Enter case number~~ 7:24-CV-85-BO

| | |
|---|---|
| Robert Paul Sharpe, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     **COMPLAINT** |
| | ) |
| John C. Bircher, III, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff, Robert Paul Sharpe, brings this complaint for whistleblower retaliation under 41 U.S.C. § 4712 and 31 U.S.C. § 3730(h) and civil rights violations under 41 U.S.C. § 1983.

## PARTIES

1. Robert Sharpe is a federal contractor and resident of New Hanover County.

2. John C. Bircher III is an attorney practicing in New Hanover County.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1346, as the matter in controversy is a federal question.

4. Controversy of a justiciable nature, pursuant to Article III of the US Constitution, exists between parties.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1).

## FACTS

6. Plaintiff, Robert Sharpe, is a service-connected disabled veteran with PTSD, OCD, and depression.

1

7.     Mr. Sharpe formed a small business to work in the VA disability program for veterans' "Veteran's First".

8.     Mr. Sharpe thrived in his work, earning millions of dollars due to constructive use of his OCD and pattern recognition, scouring large data files combined with an ability to understand and solve regulatory issues.

9.     The VA SDVOSB (service-disabled veteran owned small business) program is very lucrative. Due to recent legislative changes and a Supreme Court ruling, billions of tax dollars are now flowing into the VA SDVOSB program.

10.     To prevent abuse, protecting both taxpayers and disabled veterans, clear compensation and control requirements exist to ensure the profits and benefits are going to the disabled veterans, the intended purpose of the additional tax costs.

11.     In December of 2021, Plaintiff had reasonable suspicion to investigate Mark Eastham and Peter Spark for violating procurement law and sending illegal invoices as an SDVOSB, violations of the False Claims Act.

12.     In short, Mr. Eastham and Mr. Spark were in a conspiracy to illegally control the company while embezzling company assets and cash for their own personal use, depriving the disabled veterans from use in violation of federal law.

13.     These exact violations are routinely prosecuted by the United States. Most often as a "rent a vet" passthrough scheme.

14.     In this matter, Mr. Sharpe was exploited and abused by Mr. Bircher's clients, and eventually Mr. Bircher himself. Although not a "rent a vet" scheme, exploiting and abusing a veteran for profit is every bit as illegal.

2

15.     Plaintiff has been subjected to continuous whistleblower retaliation after reporting fraud and violations of the False Claims Act.

16.     Retaliation has included further theft of assets and serious abuses of the legal system, far beyond traditional SLAPP type lawsuits.

17.     Defendant, as counsel in a retaliatory derivative action for Mark Eastham and Peter Spark, directly controlled the terms and conditions of Mr. Sharpe's SDVOSB employment through Port City Contracting Services, Inc. (PCCS).

18.     Failures by the OIG to act as quickly, the coordinated retaliation forced PCCS to file for bankruptcy protection.

19.     In bankruptcy, with the assistance of Mr. Bircher, retaliation has continued and despite repeated direct requests to Mr. Bircher to stop his harassment and retaliation, it became worse, at times directed by him individually. Mr. Bircher has repeatedly been made personally aware of protected disclosures and whistleblower rights.

20.     On 09/26/2023, Plaintiff filed a complaint, under Rule 57, seeking clarification of rights and responsibilities between parties under 41 U.S.C. § 4712 and 31 U.S.C. § 3730(h). (7:23-cv-01348, *Sharpe v. Eastham, et al.*)

21.     Defendant admits personal receipt of this complaint on September 27th, 2023.

22.     Falsely claiming "defamation" and abusing process, Mr. Bircher attempted to sanction Mr. Sharpe in *bankruptcy court*, for telling the truth in a protected disclosure in *district court. See* Ex. 1.

23.     Although declaratory judgement would have given Mr. Bircher an opportunity to prove claims of "defamation", the complaint was never answered.

3

24.     When improperly seeking sanctions, Mr. Bircher relies on an ex parte order he knows was obtained through perjury of material facts before PCCS entered bankruptcy.

25.     Further, the order forbids "defamation"; Defendant confuses "defamation" with truths his client's wish to hide.

26.     Legal counsel is not immune from whistleblower retaliation liability.

27.     Plaintiff is unable to stop ongoing harassment and retaliation due to Mr. Bircher's abuses of process as an officer of the court, and failure to follow NC Bar ethics.

28.     Mr. Bircher uses Mr. Sharpe's status as a pro se litigant and service-connected disabilities to invalidate and *silence*.

29.     Defendant is knowingly harassing a federal whistleblower.

30.     Plaintiff's complaint for declaratory judgment is a protected disclosure under 41 U.S.C. § 4712(2)(F) as a "court or grand jury".

31.     Defendant knew the complaint was made by Plaintiff.

32.     Although the timing of the Defendant's motion, immediately after receipt of complaint, establishes prima facie retaliation and the McDonnel burden shifting doctrine applies, Mr. Bircher admits he acted because of Mr. Sharpe's disclosure to the court.

33.     All three elements of whistleblower retaliation by Mr. Bircher are met:

            1)  Plaintiff made a protected disclosure to the court.
            2)  Defendant admits knowledge of the protected disclosure.
            3)  Defendant acted because of protected activity.

34.     The truth is not kind to Mr. Bircher and why he avoids answering complaints.

35.     Instead, Mr. Bircher continues abusing the legal process, causes chaos and forced conflict in every system designed to help, forcing Mr. Sharpe's *silence*.

4

## FIRST CAUSE OF ACTION – Whistleblower Retaliation
### 41 U.S.C. § 4712 & 31 U.S.C. § 3730(h)

36.     On September 26th, 2023, Plaintiff made a protected disclosure in district court and is entitled to whistleblower protections.

37.     Defendant knew about the disclosure.

38.     Plaintiff has suffered multiple retaliatory harms, by Defendant, in violation of rights guaranteed to whistleblowers under 41 U.S.C. § 4712 and 31 U.S.C. § 3730(h).

## SECOND CAUSE OF ACTION - Deprivation of Civil Rights
### 42 U.S.C. § 1983

39.     Since Plaintiff's protected disclosure on 9/26/2023, Mr. Bircher has worked diligently to harass, punish, and *silence* Mr. Sharpe for this specific protected activity.

40.     Defendant, through perjury of material facts, obtained a gag order *silencing* Plaintiff from truthfully discussing abuse and exploitation, claiming it was "defamatory".

41.     Mr. Bircher has refused to answer the complaint for declaratory judgement, instead causing chaos in the courts, ensuring further *silence* and violating Fifth Amendment due process rights.

42.     Mr. Bircher obtained a gatekeeper order further *silencing* First Amendment rights, and Mr. Bircher again sought sanctions to punish Mr. Sharpe for exercising constitutional and civil rights.

43.     Mr. Bircher has attempted to enforce orders knowingly obtained through perjury of material facts without correction as required by the NC Bar, hiding the truth, *silencing*.

44.     Under color of state law and as an officer of the court, Mr. Bircher has ignored NC Bar ethics, illegally depriving Plaintiff of constitutional and statutory rights; specifically, the

First and Fourteenth Amendments, rights of action under 31 U.S.C. § 3730(h) and 41 U.S.C. § 4712, and witness protections, including 18 U.S. Code § 1512.

45.     Plaintiff has a right to speak the truth about fraud, abuse, and retaliation.

## **RELIEF**

Plaintiff respectfully requests judgement against the defendant for the above causes of action, including required compensatory and punitive damages as deemed proper under 41 U.S.C. § 4712 and 31 U.S.C. § 3730(h); that the cost of this action be awarded to Plaintiff; any additional relief as this Court deems necessary and proper.

Respectfully submitted this 14th day of February 2024,

Robert Paul Sharpe
245 Royal Fern Rd., Wilmington NC 28412
p. (910) 540-8157
wilmingtondiver@gmail.com

6